IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
:
       Plaintiff-Respondent,
:
  vs.                            Case No.  3:00cr065
:                     3:06cv047

BRIAN KEITH ALFORD,           JUDGE WALTER HERBERT RICE
:
       Defendant-Petitioner.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #139) IN THEIR ENTIRETY; PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #140) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF-RESPONDENT AND AGAINST DEFENDANT-PETITIONER, DENYING DEFENDANT-PETITIONER'S MOTION TO VACATE, ETC., FILED PURSUANT TO 28 U.S.C. § 2255, WITH PREJUDICE; CERTIFICATE OF APPEALABILITY AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations (Doc. #139), filed August 27, 2007, as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Report and Recommendations are adopted in their entirety. The Defendant-Petitioner's Objections to said judicial filing (Doc. #140) are overruled.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. As to Ground 1 in support of his Motion, Defendant alleges prosecutorial misconduct, occurring as a result of the testimony of FBI Special Agent Donald Reidman at the Grand Jury concerning what Defendant's girlfriend Kim Jones told police, given that said testimony conflicted with what Kim Jones told the Federal Public Defender Investigator, Clint Akers.  Defendant-Petitioner contends that Reidman was perjuring himself and the United States Attorney knew it.  In his Objections, the Defendant has attached relevant portions of the Grand Jury testimony.  This claim is not a basis for habeas corpus relief for the following reasons:

   a. This issue was never raised prior to trial, as required by Fed. R. Crim. P. 12(b)(3), for errors occurring at the Grand Jury.  As a matter of fact, this issue was never raised until the Defendant-Petitioner's *pro se* Motion to Recall Mandate in the Sixth Circuit.

   b. Defendant was not convicted on the Grand Jury testimony, but on evidence presented at trial.  Indeed, the Grand Jury testimony could well have been utilized to impeach Agent Reidman at trial.

   c. While Defendant-Petitioner claims prosecutorial misconduct at the Grand Jury is a structural error, no authority is presented.  As a matter of fact, prosecutorial misconduct, assuming, *arguendo*, it occurred, is subject to a harmless error analysis.

2. In Ground 2, Defendant-Petitioner asserts that the undersigned should have disqualified himself, presumably *sua sponte*, given that no motion requesting such action was filed, because I, as the trial judge, was biased against him. He makes no argument in support of this premise, but merely cites to transcript page references where rulings, unfavorable to his defense, were made. Not only did none of the attorneys seek recusal, Defendant-Appellant does not set forth any argument concerning any extrajudicial source of bias, hardly surprising, given that none existed. This ground was not raised on appeal and, accordingly, could be deemed to be defaulted.

3. In Ground 3, the Defendant-Appellant asserts that the Government never established subject matter or "exclusive" jurisdiction in the federal court to bring him to trial on the charges on which he was indicted. He contends that his trial counsel should not have stipulated to FDIC insurance for the bank deposits which were stolen. Such as a matter of trial strategy, accordingly, hardly forms the basis of a motion to vacate sentence. No authority is cited for the proposition that stipulating FDIC insurance constitutes ineffective assistance of counsel under the meaning of Strickland.

4. In his fourth claim, Defendant-Appellant makes a double jeopardy argument concerning separate sentences given for bank robbery and for brandishing the weapon by which the robbery was committed. Not only was there procedural default on this claim, as set forth by the Magistrate Judge, but no viable double jeopardy claim exists, pursuant to Blockburger v. United States, 284 U.S.

299, 52 S. Ct. 180 (1932), and its progeny.  Indeed, the Objections do not even address Ground 4.

WHEREFORE, based upon the aforesaid, this Court, in adopting the Report and Recommendations of the United States Magistrate Judge (Doc. #139), and overruling the Petitioner's Objections to said judicial filing (Doc. #140), directs that judgment be entered in favor of the Plaintiff-Respondent and against Defendant-Petitioner, denying Defendant's Motion to Vacate, etc., filed pursuant to 28 U.S.C. § 2255, with prejudice.

Given that reasonable jurists would not disagree with the above conclusions, this Court denies Defendant-Petitioner any requested Certificate of Appealability and permission to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

/s/ Walter Herbert Rice

February 1, 2008          WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

-5-

Copies mailed to:

Sheila Lafferty, Esq.

Brian Alford, Pro Se

Chief Magistrate Judge Michael R. Merz