# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:00-cr-065

  - vs -                                     District Judge Walter Herbert Rice
                                                   Magistrate Judge Michael R. Merz

BRIAN KEITH ALFORD,

        Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's filing captioned "Judicial Notice of Adjudicative Facts" which includes as part of the same document a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (4), and (6) (Doc. No. 145).

Defendant seeks relief from this Court's order denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. Fed. R. Civ. P. 60 provides a vehicle for seeking relief from judgments, not from interlocutory orders such as denial of a motion for judgment of acquittal. Of course what Defendant really seeks is reversal of the judgment of conviction into which the denial of the Rule 29 motion is effectively merged. The substantive ground on which Defendant seeks reversal is his claim that it was not proven by "substantive proof" that the bank he robbed while armed was insured by the FDIC. This is an old issue. It could have been raised on direct appeal and was not (See Court of Appeals opinion at Doc. No. 125). By failing to raise the claim on direct appeal, Mr. Alford procedurally defaulted on it and is barred from collateral attack based on the claim. *United States v. Frady*, 456 U.S. 152 (1982).

The Court of Appeals affirmed Mr. Alford's conviction on November 30, 2004. On February 15, 2006, Mr. Alford moved under 28 U.S.C. § 2255 to vacate the judgment against him (Doc. No. 132). He raised this same claim as Ground for Relief No. 3. *Id.* PageID 119-120. On August 20, 2007, the undersigned recommended that the Motion to Vacate be denied and that Defendant be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. Judge Rice adopted that Report (Doc. No. 141) and the Court of Appeals itself denied a certificate of appealability on September 3, 2008 (Doc. No. 143). Now, almost three years later, Defendant is again raising the same issue.

Defendant has cited no substantive law which is contrary to the prior conclusion of this and the Court of Appeals. There is no prohibition – constitutional, statutory, or in the Rules of Evidence or Criminal Procedure – on the Government's proving an element of a crime by stipulation.

Apart from the substantive law, this Court cannot entertain the instant Motion because it amounts to a second motion to vacate under 28 U.S.C. § 2255 and Defendant has not obtained a certificate of the Sixth Circuit Court of Appeals permitting him to file a second motion. Defendant attempts to avoid this portion of the statute by relying on *Gonzalez v. Crosby*, 545 U.S. 524 (2005). There the Supreme Court permitted a district court to consider a Rule 60(b) motion in a habeas corpus case where the petitioner sought to correct an error allegedly made in denying the habeas petition, rather than an asserted error in the underlying judgment. But here that is precisely what Mr. Alford is attempting to do – to attack an asserted error in the underlying final criminal judgment, not in this Court's judgment denying his prior Motion to Vacate.

Even if this were an entirely new claim and brought in a first Section 2255 motion, it would still be subject to dismissal because it is grossly untimely. A motion under § 2255 must be made within one year of the date the underlying judgment became final. That happened on March 7, 2005,

when the United States Supreme Court denied certiorari in this case. Thus Mr. Alford's time to file a collateral attack on the underlying judgment expired March 7, 2006, more than five years ago.

Mr. Alford attempts to justify his delay by accusing the Court of destroying all the evidence in the case, citing Doc. Nos. 129, 130, and 131. The only evidence ordered destroyed in this case was "one Jennings 9mm Pistol with a Magazine, serial number 1387885 [which] by law may not be owned, possessed or used by anyone." (Government Motion for Destruction of Evidence, Doc. No. 130, PageID 41.) That piece of evidence has no probative value with respect to the claim Defendant raises, nor does its destruction evince any nefarious motive on the part of the Assistant United States Attorney or the Court.

Because the motion is substantively without merit and procedurally improper, it should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 13, 2011.

s/ Michael R. Merz

United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), ©, or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).
Objections are subject to the limitations imposed by General Order No. 1 (as amended

January 16, 2003), which require that memoranda be limited to twenty pages unless leave of court is obtained to exceed that limit. Requests to exceed must be made at least three working days prior to the deadline and should include a proposed new page limit and the reasons for exceeding the usual page limit.