# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :        Case No. 3:00-cr-065

                                      District Judge Walter Herbert Rice
  - vs -                           Magistrate Judge Michael R. Merz

BRIAN KEITH ALFORD,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Request for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6)(ECF No. 163).

As Mr. Alford notes, he filed a Motion to Vacate under 28 U.S.C. § 2255 on February 15, 2006 (ECF No. 132) which was dismissed with prejudice on February 1, 2008 (ECF No. 141, 142). As part of his Decision, Judge Rice determined that "reasonable jurists would not disagree with this conclusion" and denied Alford a certificate of appealability (ECF No. 141, PageID 810). Alford now seeks to have the judgment reopened and a certificate of appealability issued.

The Magistrate Judge finds this is a proper motion for relief from judgment, rather than a new habeas application and therefore it does not require permission from the Court of Appeals before this Court can decide the Motion. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

1

After this Court denied a certificate of appealability, Mr. Alford sought one from the Court of Appeals. That court denied a certificate, holding as follows:

> A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Alford fails to make the requisite showing. First, Alford waived his right to challenge the alleged perjured testimony from the grand jury proceedings because he failed to present a timely objection. Nonetheless, Alford is not entitled to relief on this claim because he did not present transcripts, or any other proof, that Agent Donald Reidman perjured himself. Second, Alford did not present any allegations that warranted the trial judge to recuse himself because no reasonable person would be convinced that the judge was biased against Alford. *United States v. Sammons*, 918 F.2d 592, 598-99 (6th Cir. 1990). Third, Alford is barred from seeking review of his subject matter jurisdiction claim because he has not shown cause and prejudice to excuse his failure to present this claim on direct appeal, *see Bousley v. United States*, 523 U.S. 614, 622-23 (1998), nor has he presented any evidence of his actual innocence. *See id*. Although Alford argues that counsel failed to raise the issue, he did not make a substantial showing that counsel rendered ineffective assistance by stipulating that the victim bank was FDIC insured. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Alford has not presented any evidence to suggest that the bank was not FDIC insured or that the government was required to prove an interstate nexus beyond the FDIC insurance. Finally, Alford was not subjected to a double jeopardy violation. This court has previously rejected a double jeopardy claim involving a § 924(c) conviction combined with a conviction for armed bank robbery. *See, e.g., United States v. Davis*, 306 F.3d 398 (6th Cir. 2002).

*Alford v. United States*, Case No. 08-3186 (6th Cir. Sep. 3, 2008)(unreported, copy at ECF No. 143, PageID 814-15.)

Alford claims the Sixth Circuit "inverted the statutory order of operations by deciding the merits of an appeal and then denying the COA based on adjudication of the actual merits, and

placed too heavy a burden on the Petitioner at the COA stage." (Motion, ECF No. 163, PageID 2282, citing *Buck v. Davis*, 137 U.S. 759[1] (2017)). In *Buck* the Supreme Court held that when a court of appeals decides the certificate of appealability question on the basis of and only after deciding the merits of the case, it "is in essence deciding an appeal without jurisdiction." 137 S. Ct. at 773, quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

*Buck* was handed down February 22, 2017. This Court is unaware of any prior holding by the United States Supreme Court that a court of appeals could not pretermit the certificate of appealability analysis and deny a certificate because the appeal would lack merit. This ruling in *Buck* is therefore a new rule which is not applicable to cases on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989).

On its face, it appears that the Sixth Circuit in this case did decide the merits of Alford's appeal in the process of denying him a certificate of appealability. But this Court does not have jurisdiction to change a decision of the Sixth Circuit. For relief from that court's decision, Mr. Alford must apply to that court.

This Court, of course, also decided the certificate of appealability question. Although 28 U.S.C. § 2253 on its face assigns certificate of appealability questions to the circuit courts, those courts have held since shortly after the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was enacted that the initial decision on appealability certificates is to be made by the district courts. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). To reinforce that order of proceeding, the Supreme Court has included the requirement that

---

[1] The citation should be 137 **S. Ct.** 759. The opinion has not yet been published in the official Supreme Court Reports.

"[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings.

In the district court, the certificate of appealability ruling is usually conjoined with the decision on the merits because that is what Rule 11 contemplates. Logically, the district court must decide the merits first before it can decide whether any reasonable jurist would disagree with its conclusions. That is what happened here. The Magistrate Judge's Report and Recommendations concluded Alford's § 2255 Motion "should be denied with prejudice" and then concluded no reasonable jurist would disagree (Report, ECF No. 139, PageID 733). Mr. Alford objected, but offered no separate argument on the certificate of appealability question (ECF No. 140). Judge Rice was therefore under no obligation under Fed. R. Civ. P. 72(b) to consider that question separately and did not do so. Even now, having emphasized the distinct nature of the appealability issue, Mr. Alford does not argue it apart from his argument on the merits.

In sum, Mr. Alford has not demonstrated any error in this Court's decision on the question of appealability, even assuming the law of the case doctrine would not require us to follow the Sixth Circuit's decision. Furthermore, *Buck v. Davis, supra,* is not applicable to cases on collateral review. The instant motion, therefore, should be DENIED.

May 4, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).