# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:00-cr-065

               District Judge Walter Herbert Rice
- vs -            Magistrate Judge Michael R. Merz

BRIAN KEITH ALFORD,

      Defendant.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Request for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6)(ECF No. 163). The Magistrate Judge filed a Report recommending the Request be denied (Report, ECF No. 164). Mr. Alford has filed Objections (ECF No. 165) and a Motion for Certificate of Appealability (ECF No. 166). District Judge Rice has recommitted the case for reconsideration in light of the Objections.

Alford's Motion was made under Fed. R. Civ. P. 60(b)(6) and claimed this Court's judgment was in error in denying a certificate of appealability. Alford relied on the newly decided *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L.Ed 2d 1 (2017). The Report concluded that the Sixth Circuit's decision on appealability, which appears to decide the merits and then deny a certificate of appealability, would probably not pass muster under a strict application of *Buck*, but that did not imply that the District Court's decision on the certificate

question was in error and, in any event, Buck was not retroactive under *Teague v. Lane*, 489 U.S. 288 (1989).

In his Objections, Mr. Alford misreads the Report as concluding that "the standard [for a certificate of appealability] applied by the Magistrate, Judge Rice, and the Court of Appeals was incorrect." Not so. The Report distinguishes between what the circuit court must do on a certificate of appealability question from what the district court must do. When a court of appeals decides on appealability, it has before it a district court decision on the merits. *Buck v. Davis* holds that before the court of appeals reaches the merits, it must first decide the appealability question. That is not what the trial court must do. Rather, it must decide the merits first and then decide whether its conclusion is debatable among reasonable jurists. As the Supreme Court made clear in *Buck*, the court of appeals has not jurisdiction over the merits until it has granted a certificate of appealability. In contrast, the district court cannot reach the appealability question until it has decided the merits. Therefore this Court did not apply the wrong standard or apply it in the wrong order and its judgment does not require amendment on that basis.

An additional reason for denying the Motion is that it is very untimely. Fed. R. Civ. P. 60(c) requires that motions under 60(b) be filed within a reasonable time. The facts on which Mr. Alford seeks to proceed – the purported falsity of a stipulation – he admits he has known since September 17, 2013, nearly four years ago (Objections, ECF No. 165).

Contemporaneous with his Objections, Mr. Alford filed an "Application for Certificate of Appealability." (ECF No. 166). Alford is seeking such a certificate for this Court's decision on February 1, 2008, denying his § 2255 application. As noted in the Report, both this Court and the Sixth Circuit have denied such a certificate. Those denials are now the law of the case.

2

Because the Court should deny the Motion for Relief from Judgment, it should deny the Application for Certificate of Appealability as moot.

May 17, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).