IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN KEITH ALFORD, :
    Petitioner,
    v. : Case No. 3:00-cr-65
UNITED STATES OF AMERICA, : JUDGE WALTER H. RICE
    Respondent. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #164) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #168); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##165, 169); OVERRULING REQUEST FOR RELIEF OF JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6) (DOC. #163) AND APPLICATION FOR CERTIFICATE OF APPEALABILITY (DOC. #166); DENYING ANTICIPATED REQUEST FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*; CASE TO REMAIN TERMINATED ON DOCKET

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #164, and his Supplemental Report and Recommendations, Doc. #168, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Petitioner's Objections thereto, Docs. ##165, 169, are OVERRULED as meritless. As Magistrate Judge Merz explained, the case on which Petitioner relies, *Buck v. Davis*, 137 S. Ct. 759 (2017), concerns the procedures that

*appellate* courts must follow in determining whether a petitioner is entitled to a certificate of appealability. *Buck* held that an appellate court cannot justify its denial of a certificate of appealability based on its adjudication of the merits of the appeal. It cannot reach the merits without first deciding whether the application for a certificate of appealability should be granted. *Id.* at 773. Even if the Sixth Circuit did not comply with *Buck* in denying Petitioner's application for a certificate of appealability, the district court lacks jurisdiction to overturn that decision. In addition, there is no support for a finding that *Buck* applies retroactively to cases on collateral review.

Given that *Buck* has no application to the district court's determination of whether a petitioner is entitled to a certificate of appealability, it does not excuse Petitioner's untimely filing of his Rule 60(b)(6) motion. Moreover, Petitioner has not shown that this Court's February 1, 2008, denial of a certificate of appealability, Doc. #141, was erroneous. Accordingly, the Court OVERRULES Petitioner's Request for Relief of Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), Doc. #163. The Court also OVERRULES AS MOOT the Application for Certificate of Appealability, Doc. #166.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is also denied leave to appeal *in forma pauperis*.

The captioned case shall remain terminated on the Court's docket.

Date: June 2, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE