# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,      :     Case No. 3:00-cr-065

                                          District Judge Walter H. Rice
   -  vs  -                               Magistrate Judge Michael R. Merz

BRIAN KEITH ALFORD,

          Defendant.      :

## REPORT AND RECOMMENDATIONS

This federal criminal case is before the Court on Defendant's Motion for New Trial with/ Newly Discovered Evidence of *Brady* Violations ("Motion," ECF No. 177).  District Judge Walter H. Rice, to whom this case has been assigned since the Indictment was returned on July 11, 2000 (ECF No. 9), has referred the Motion to the undersigned for a report and recommended disposition (ECF No. 178).

**Litigation History**

Defendant was arraigned on July 13, 2000, and pleaded not guilty (ECF No. 10).  The case was tried to a jury in February, 2002, which returned verdicts of guilty on both counts (armed bank robbery and use of a firearm in an offense affecting interstate commerce).  On December 12, 2000, Judge Rice sentenced Alford to sixty months on Count One and eighty-four months on Count Two

1

to be served consecutively to Count One (ECF No. 98).  Alford appealed and the Sixth Circuit affirmed his conviction (ECF No. 125).  On March 7, 2005, the Supreme Court of the United States denied certiorari (ECF No. 128).

Alford has sought relief from his conviction in a number of ways, all of which have been unsuccessful.  Most recently on November 14, 2017, the Sixth Circuit denied Alford a certificate of appealability from this Court's denial of his motion for relief from judgment (ECF No. 174).  The instant Motion followed nearly seven years later.

## Analysis

Fed. R. Crim. P. 33 governs motions for new trial and provides that any such motion based on newly discovered evidence must be filed within three years of the verdict.  Because the verdicts were entered February 28, 2002, Alford's time to file for a new trial on the basis of newly-discovered evidence expired February 28, 2005.  The instant Motion was not filed until it was mailed to the Court on September 6, 2024, more than nineteen years late.

Alford asserts the Government failed in its obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).  The evidence not revealed is described as the fact that a key government witness, Darryl Lynn Parsons was incarcerated at the Montgomery County Jail with charges pending in June, 2000, and the disposition of those charges was never disclosed to Defendant for impeachment purposes at trial (Motion, ECF No. 177, PageID 3216).  Alford claims he learned these facts from "Frank P. Turpin after trial," but he never says when he learned them.

Alford claims the Court can infer due diligence on his part from the facts the has disclosed, but the undersigned disagrees. In any event, Fed. R. Crim. P. 33 does not provide an exception to the three-year limit for new evidence discovered outside that time with due diligence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion for New Trial be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 28, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #