IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN KEITH ALFORD,

    Defendant.

Case No. 3:00-cr-65-1

Judge Walter H. Rice

Magistrate Judge Michael R. Merz

---

ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #179), OVERRULING OBJECTIONS THERETO OF DEFENDANT BRIAN KEITH ALFORD (DOC. #180), AND OVERRULING DEFENDANT'S MOTION FOR NEW TRIAL (DOC. #177) WITHOUT PREJUDICE TO REFILING WITHIN SIXTY (60) DAYS OF ENTRY

---

On September 19, 2024, *pro se* Defendant Brian Keith Alford filed a Motion for New Trial based on newly-discovered violations by the Plaintiff United States of America ("Government") of its obligation to disclose exculpatory evidence. (Motion, Doc. #177, PAGEID, 3214, citing FED.R.CRIM.P. 33; *Brady v. Maryland*, 373 U.S. 83 (1963)). The Magistrate Judge issued a Report and Recommendations (Doc. #179), recommending that the Motion be overruled. Defendant filed Objections (Doc. #180), and the matter is ripe for decision. For the reasons set forth below, the Report is ADOPTED IN PART AND REJECTED IN

PART, the Objections thereto are OVERRULED, and the Motion is OVERRULED WITHOUT PREJUDICE.

### I. Procedural History and Legal Standards

Defendant asserts that at some point post-conviction, he was told by an employee of the Montgomery County, Ohio, Jail that a key Government witness, Darryl Lynn Parsons, was paid by the Government for his cooperation, and that the Government never disclosed "documents establishing that in June 2000[,] Darryl Lynn Parsons was incarcerated at the Montgomery County Jail with charges pending, and the disposition of those charges was never disclosed to Defendant for impeachment purposes at trial." (Doc. #177, PAGEID 3216). Defendant argues that the evidence could not have been discovered earlier through ordinary diligence, and that "the newly discovered evidence would probably produce an acquittal." Consequently, Defendant claims, the Government violated its *Brady* obligations, and a new trial is warranted. (*Id*. at PAGEID 3216-17, citing *Strickler v. Greene*, 527 U.S. 263, 292-96 (1999); *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1989)).

The Magistrate Judge noted that Federal Rule of Criminal Procedure 33 "provides that any such motion based on newly discovered evidence must be filed within three years of the verdict." (Doc. #179, PAGEID 3223, citing FED.R.CRIM.P. 33(b)(1)). As the verdicts against Defendant were entered on February 28, 2002,

2

he had until only February 28, 2005, to move for a new trial based on newly-discovered evidence. (*Id.*; *see also* Verdict Forms, Docs. #78-79). The Magistrate Judge concluded that, in addition to the Motion being filed almost twenty years late, Defendant did not state when the newly-discovered evidence was disclosed or demonstrate that he acted diligently in discovering it when he did. (*Id.* at PAGEID 3223-24). "In any event, [Rule] 33 does not provide an exception to the three-year limit for new evidence discovered outside that time with due diligence." (*Id.* at PAGEID 3224). Thus, the Magistrate Judge recommended that the Motion be overruled. (*Id.*).

Pursuant to the referral, the Magistrate Judge "must enter on the record a recommendation for disposing of the matter," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CRIM.P. 59(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3). However, "issues raised for the first time in objections to a Magistrate Judge's report and recommendations are deemed waived." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (cleaned up).

II.     Analysis

Defendant asserts that the Magistrate Judge was incorrect in finding that Defendant was provided the information about Parsons by a Frank Turpin; rather, Defendant maintains, he was provided this information by an unnamed Montgomery County Jail employee. (Doc. #180, PAGEID 3226). He claims that a defendant need not demonstrate due diligence in finding exculpatory evidence, because the Government has an affirmative obligation under *Brady* to disclose exculpatory evidence. (*Id*. at PAGEID 3226-27, citing *Banks v. Dretke*, 540 U.S. 668, 695 (2004); *United States v. Tavera*, 719 F.3d 705, 711-12 (6th Cir. 2013). However, Defendant goes on to state that a defendant asserting an untimely *Brady* claim must "establish[] that the prosecution suppressed the evidence on which the defendant relies." (*Id*. at PAGEID 3227). Defendant offers no evidence that the Government suppressed this information. He does not, for example, even disclose the identity of the Montgomery County Jail employee who provided Defendant with the information regarding Parsons. Nor does he offer records that would corroborate the statement that Parsons was facing charges in 2000. In short, Defendant has not shown that the alleged *Brady* evidence exists, much less that the Government was in possession of it. Thus, the Objection is overruled.

*Second*, while Defendant notes that Ohio Rule of Criminal Procedure 33(B) does not have a temporal limitation in filing a motion for a new trial (Doc. #180,

4

PAGEID 3227), it is Federal Rule 33 that controls in this case, and as Defendant later notes, a motion for a new trial based on "newly discovered evidence must be filed within 3 years after the verdict finding of guilty[.]" (*Id*. at PAGEID 3228-29 (internal quotation marks omitted), quoting FED.R.CRIM.P. 33(b)(1)). The Supreme Court has clarified that Rule 33(b)(1)'s three-year limit is not jurisdictional; rather, it is a mandatory and rigid claim-processing rule. As such, the Court may not *sua sponte* dismiss a motion for new trial filed outside the three-year time limit, but upon the time bar being raised by the Government, the Court must dismiss the motion for new trial. *Eberhart v. United States,* 546 U.S. 12, 17-19, (2005) (*per curiam*). As the Government did not respond to the Motion within the time allotted, S.D. OHIO CIV.R. 7.2(a)(2); S.D. OHIO CRIM.R. 1.2, 1.3, the Court may not dismiss solely because the Motion was filed outside the time period allowed.

However, even liberally construing Defendant's Motion as requesting an extension of time for filing, FED.R.CRIM.P. 45(b)(1)(B)[1], does not save the Motion, because he has not demonstrated excusable neglect. The determination of whether Defendant neglecting to file timely is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380,

---

[1] "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made after the time expires if the party failed to act because of excusable neglect." FED.R.CRIM.P. 45(b)(1)(B).

395 (1993). The Court examines four factors in determining whether excusable neglect exists: "(1) the danger of prejudice to the [Government], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id*. (numeration added).

As to the first factor, Defendant was convicted on February 28, 2002. (Docs. #78-79). With those convictions, the Government achieved final judgment on an almost two-year-long effort to prove beyond a reasonable doubt that Defendant committed armed bank robbery. (Compl., Doc. #1, PAGEID 2625). Defendant is essentially asking this Court to vacate that judgment and the jury's determination based on nothing more than an unverified statement by an unknown man that Defendant did not discover until September 2024, more than twenty years post-conviction. (Doc. #180, PAGEID 3231). It is difficult to imagine how the Government could be more prejudiced. Moreover, the lengthy delay and significant impact on judicial proceedings, both in the impact of undoing a jury verdict and the time and resources necessary for a new trial, compels the undersigned to conclude that the second factor is not met. Defendant also fails to satisfy the third factor. As stated above, he "discovered this document only recently in September, 2024 after a review of the record and documents attached to his first 2255 petition which was attached as an appendix to his 2255 filing."

(*Id.*). Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 was filed on February 15, 2006 (Doc. #132), and was fully briefed with exhibits attached as of May 10, 2006. (Reply, Doc. #136). Defendant offers no reason why it took more than eighteen years to review his 2255 Motion and find this crucial piece of suppressed evidence. Finally, there is no indication, from the Motion or Objections, whether Defendant acted in good faith. In sum, the Court cannot conclude that Defendant has demonstrated excusable neglect, with three factors weighing heavily against such a finding and one factor being neutral. As there is no other exception to the Rule 33(b)(1) time bar, Defendant's remaining objections must be overruled, irrespective of their merits.

However, as excusable neglect was not detailed in the Report and not at issue in the Objections, Defendant should have an opportunity to raise a persuasive argument that the delay in filing the Motion was the product of excusable neglect. Thus, the Motion is overruled without prejudice to refiling within sixty (60) days of entry. Any renewed motion must demonstrate excusable neglect for failing to comply with the three-year limitation of Rule 33(b)(1).

### III. Conclusion

For the foregoing reasons, the Court ADOPTS IN PART AND REJECTS IN PART the Report and Recommendations (Doc. #179) and OVERRULES Petitioner's

7

Objections thereto (Doc. #180). The Motion (Doc. #177) is OVERRULED WITHOUT PREJUDICE to refiling within sixty (60) days of Entry.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

December 3, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT