IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,

    Plaintiff,

    v.

BRIAN KEITH ALFORD,

    Defendant.

Case No. 3:00-cr-65-1

Judge Walter H. Rice

Magistrate Judge Michael R. Merz

---

ORDER OVERRULING RENEWED MOTION FOR NEW TRIAL OF DEFENDANT
BRIAN KEITH ALFORD (DOC. #182)

---

Before the Court is the renewed Motion for New Trial with Newly Discovered Evidence of *Brady* Violations of Defendant Brian Keith Alford. (Renewed Motion, Doc. #182). On September 19, 2024, Defendant filed an initial Motion for New Trial, also based on newly-discovered violations by the Plaintiff United States of America ("Government") of its obligation to disclose exculpatory evidence. (Initial Motion, Doc. #177, PAGEID, 3214, citing FED.R.CRIM.P. 33; *Brady v. Maryland*, 373 U.S. 83 (1963)). On December 5, 2024, the Court adopted in part and rejected in part the Report and Recommendations of Magistrate Judge Michael R. Merz, and overruled the Initial Motion without

prejudice to refiling on the issue of excusable neglect within sixty (60) days.

(Entry, Doc. #181, PAGEID 3248-49, citing Report, Doc. #179).

In the Initial Motion, Defendant asserted:

> [T]hat at some point post-conviction, he was told by an employee of the Montgomery County, Ohio, Jail that a key Government witness, Darryl Lynn Parsons, was paid by the Government for his cooperation, and that the Government never disclosed documents establishing that in June 2000[,] Darryl Lynn Parsons was incarcerated at the Montgomery County Jail with charges pending, and the disposition of those charges was never disclosed to Defendant for impeachment purposes at trial.

(Doc. #181, PAGEID 3243 (internal quotation marks and citation omitted)). The Court, in overruling the Initial Motion, concluded that, by not identifying the Montgomery County Jail employee or any external corroboration of the employee's statement, "Defendant has not shown that the alleged *Brady* evidence exists, much less that the Government was in possession of it." (*Id.* at PAGEID 3245). Moreover, the Court concluded that Defendant had not demonstrated excusable neglect for failing to file the Motion for New Trial within the three-year timeframe specified by Criminal Rule 33. (*Id.* at PAGEID 3247-48, quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In examining the *Pioneer* factors for excusable neglect[1], the Court reasoned that: (1) the

---

[1] "(1) [T]he danger of prejudice to the [Government], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

2

Government would be severely prejudiced by having a twenty-year-old final judgment vacated; (2) vacating of a jury verdict and the resources needed to conduct a new trial would significantly impact judicial proceedings; (3) Defendant had not explained why he had waited until 2024 to review his 28 U.S.C. § 2255 Motion to Vacate, which was fully briefed as of May 2006 and which contained "this crucial piece of suppressed evidence" that Defendant supposedly discovered; and (4) there was no evidence that Defendant was or was not acting in good faith. (*Id.* at PAGEID 3247-48, citing 2255 Motion, Doc. #132; 2255 Reply, Doc. #136). As Defendant had not shown excusable neglect, he could not overcome the Rule 33(b)(1) time bar, and "Defendant's remaining objections must be overruled, irrespective of their merits." (*Id.* at PAGEID 3248).

> However, as excusable neglect was not detailed in the Report and not at issue in the Objections, Defendant should have an opportunity to raise a persuasive argument that the delay in filing the Motion was the product of excusable neglect. Thus, the Motion is overruled without prejudice to refiling within sixty (60) days of entry. Any renewed motion must demonstrate excusable neglect for failing to comply with the three-year limitation of Rule 33(b)(1).

(*Id.*).

In the Renewed Motion[2], Defendant argues that the *Brady* evidence—a 2000 Montgomery County Jail arrest record for Parsons—was intentionally destroyed by the Ohio Department of Rehabilitation and Corrections during a transfer of prisoner

---

[2] The Government did not file a memorandum *contra*.

legal documents between state prisons in 2017 or 2022, and it was only after review of his 2255 Petition that Defendant became aware of Parsons's arrest record. (Doc. #182, PAGEID 3252). Even if true, the above does not constitute excusable neglect. Absent limited circumstances not applicable here, a client is presumed to have knowledge of the documents filed on his behalf. *See, e.g., Lampe v. Kash*, 735 F,3d 942, 944 (6th Cir. 2016) ("When a lawyer represents a client, his acts become the client's acts, his knowledge the client's knowledge."). Thus, by Defendant's attorney filing the arrest record as part of Exhibit A-11 of the Appendix to his 2255 Motion, Defendant is treated as knowing both of the existence of the arrest record and its contents no later than May 10, 2006. (Doc. #136-13). It is axiomatic that a document known to Defendant for almost eighteen years cannot be considered newly-discovered evidence; consequently, Defendant has not shown excusable neglect in waiting that length of time after he became aware of the arrest record to move for a new trial.

Defendant reiterates his arguments from the Initial Motion that the Government had an affirmative duty to disclose all *Brady* evidence to him, and that it was not his job to scour the record for such evidence. (Doc. #182, PAGEID 3252-53, citing *Banks v. Dretke*, 540 U.S. 668, 695 (2004); *United States v. Tavera*, 719 F.3d 705, 711-712 (6th Cir. 2013)). However, his arguments suffer from the defect as when he raised them in the Initial Motion: Defendant concedes,

4

as he must, that to obtain a new trial based on a *Brady* violation, he must demonstrate that the Government suppressed the material evidence. (*Id.* at PAGEID 3253; *see also Brady*, 373 U.S. at 87 (emphasis added) ("We now hold that the *suppression by the prosecution* of evidence favorable to an accused . . . violates due process where the evidence is material[.]"). Defendant offers no corroboration for his argument that the Government suppressed the arrest record; indeed, the record's inclusion in Defendant's 2255 Motion suggests that the Government disclosed the evidence to Defendant. Absent evidence of suppression, Defendant may not sustain a *Brady*-based motion for new trial, irrespective of the timeliness of that motion.

For the foregoing reasons, the Renewed Motion (Doc. #182) is OVERRULED.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

March 18, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT